```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

STEPHEN D. SATCHER,

      Petitioner,

v.                                      Civil Action No: 1:13-0466

KAREN F. HOGSTEN,
Warden

      Respondent.


### MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1).  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 4).  The magistrate judge submitted his proposed findings and recommendation ("PF&R") on August 27, 2013.  (Doc. No. 7).  He recommended that the petitioner's application be dismissed.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R.  Petitioner timely filed objections to the PF&R on September 5, 2013.  (Doc. No.

9). Because petitioner's objections are without merit, the court will dismiss the petition.

## I. Background

Petitioner pled guilty in the United States District Court for the District of Maryland to one count of conspiracy to kidnap, one count of kidnapping, one count of carjacking, one count of interstate domestic violence, and one count of interstate stalking. United States v. Satcher, No. 8:00-cr-00105 (D. Md. April 9, 2002). The district court sentenced him to concurrent terms of life imprisonment as to each count and a five-year term of supervised release. Id., Doc. No. 228. Petitioner did not appeal his conviction or sentence. On June 7, 2012, petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the District of Maryland. Id., Doc. No. 234. The district court subsequently denied the motion as untimely. Id., Doc. No. 241.

Petitioner filed the instant petition seeking relief under 28 U.S.C. § 2241 in this court on January 10, 2013. (Doc. No. 1). Petitioner contends that his judgment and commitment order is invalid because it was not properly executed and returned by the United States Marshals Service. (Doc. No. 2). Consequently, petitioner claims his detention "is unlawful in violation of the Due Process Clause of the Fifth Amendment." Id.

## II. <u>Petitioner's Objection to the PF&R</u>

The magistrate judge concluded that the claims raised by petitioner in his § 2241 petition are ones properly considered under § 2255. Because petitioner was sentenced in the District of Maryland, and relief under § 2255 is not "inadequate or ineffective," the magistrate judge concluded that this court is without jurisdiction to entertain the petition. The magistrate judge further determined that the petition should not be transferred to the District of Maryland because petitioner has sought relief under § 2255 in the sentencing court, and he has not obtained a certification to file a second or successive motion from the Fourth Circuit Court of Appeals.

Petitioner's objections "do not direct the court to a specific error in the magistrate's [PF&R]" because they are "general and conclusory." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Normally, such non-specific objections would waive the right to a de novo review. Because petitioner is proceeding pro se, however, his filings are held to a less stringent standard than if they were prepared by a lawyer and are construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). As such, the court has performed a de novo review. That said, a de novo review does not require an in-depth discussion of patently frivolous objections. After a de novo review, the court determines that petitioner's objection is

3

wholly meritless. The court adopts the magistrate judge's succinct factual and legal analysis in its entirety and adds the following.

Petitioner's sole objection is to the magistrate judge's determination that this action should have been brought under § 2255 in the sentencing court. (Doc. No. 9). Petitioner claims he is challenging his "commitment and detention" and not its validity because the United States Marshal Service failed to properly execute his judgment and commitment order. (Doc. No. 9). Therefore, petitioner claims, his petition is properly brought under § 2241.

Petitioner is incorrect. Petitioner is not challenging matters pertaining to his "commitment or sentence" as required to file a petition under § 2241. See 28 U.S.C. § 2242. Rather, petitioner challenges the validity of his judgment and commitment order – a matter properly considered under § 2255. Petitioner presents no dispute as to the date of his commitment or calculation of his sentence. He simply complains of the failure on the part of the United States Marshals to properly execute his commitment order and alleges that this omission violates his rights. (Doc. No. 2). This argument is without merit. See Queen v. Martinez, 273 F. App'x 180 (3d Cir. 2008) (summarily dismissing petitioner's § 2241 claim that "his judgment and commitment order was not executed because 'return

portion,' where the United States Marshal states that the defendant was delivered to the Bureau of Prisons, was not filled in."); Anderson v. United States Marshals, No. 1:CV-07-0048, 2007 WL 1227697 at *1 (M.D. Pa. April 25, 2007) (dismissing petitioner's § 2241 claim that his judgment and commitment order was null and void because the "United States Marshals failed to properly execute and return the judgment and commitment order to the district court."). Petitioner has provided no explanation for how the alleged failure to execute his judgment and commitment order has affected his rights.

Consequently, as determined by the magistrate judge, petitioner's claims are ones properly considered under 28 U.S.C. § 2255, rather than § 2241. Because motions under § 2255 must be filed in the sentencing court, jurisdiction is proper in the District of Maryland. And because petitioner has already proceeded under § 2255 in the sentencing court and has not obtained certification to file a successive motion, the court will dismiss the petition rather than transfer it to the sentencing court.

Even if petitioner were properly challenging matters pertaining to his "commitment or detention" as required under § 2241, the court would still dismiss the petition. See 28 U.S.C. § 2242. The explicit terms of § 2255 state that a petition under § 2241 cannot be entertained unless a § 2255 motion would

5

be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals has ruled that relief is inadequate or ineffective when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Additionally, procedural bars or gatekeeping requirements do not render § 2255 inadequate or ineffective. Young v. Conley, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). The petitioner bears the burden of showing that relief under § 2255 is inadequate or ineffective. Hood v. United States, 13 F. App'x 72 (4th Cir. 2001) (unpublished decision); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). As stated by the magistrate judge, the petitioner "has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241." As such, the petition must be dismissed.

### III. Conclusion

Accordingly, the court OVERRULES petitioner's objections to Magistrate Judge VanDervort's PF&R. The court adopts the factual and legal analysis contained within the PF&R, DISMISSES petitioner's application for writ of habeas corpus (Doc. No. 1), and DISMISSES this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED on this 17th day of October, 2013.

           ENTER:

           _David A. Faber_
           David A. Faber
           Senior United States District Judge